# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

IN RE:
SILVER SPRING FAMILY MEDICAL
CENTER, LLC

LAW OFFICES OF MARK KOTLARSKY,
ESQ. PENSION PLAN,

     Appellant,

     v.

GARY A. ROSEN, *Trustee*,

     Appellee.

Civil Action No. TDC-15-1834

## MEMORANDUM OPINION

Appellant Law Offices of Mark Kotlarsky, Esq. Pension Plan ("Kotlarsky") appeals an order of the United States Bankruptcy Court for the District of Maryland. The order awarded attorney's fees to counsel for Appellee Trustee Gary A. Rosen ("Trustee"). The Appeal is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. D. Md. Local R. 105.6. For the reasons set forth below, the Court AFFIRMS IN PART and REVERSES IN PART the order of the bankruptcy court and REMANDS with instructions for further proceedings.

## BACKGROUND

**I.  First Fee Application**

On November 18, 2010, Silver Spring Family Medical Center, LLC filed a Voluntary Petition for Chapter 7 Bankruptcy. On September 27, 2011, Rosen was appointed Trustee for the

estate.  On December 6, 2012, the bankruptcy court granted the Trustee's request to appoint attorney Paul Sweeney of the law firm of Yumkas, Vidmar & Sweeney, LLC as Special Counsel for the Trustee.  On May 9, 2013, the Trustee submitted a First and Final Application Requesting Order Authorizing Final Compensation to Yumkas, Vidmar & Sweeney, LLC ("First Fee Application").  The application sought $10,472.50 in fees and $25.60 in expenses for services rendered by Sweeney between August 1, 2012 and February 14, 2013.  Kotlarsky, a creditor of the estate, opposed the application, characterizing Sweeney's work as unnecessary, unhelpful, and non-compensable.  On August 19, 2013, United States Bankruptcy Judge Thomas J. Catliota held a hearing on the fee application as well as motions stemming from a discovery dispute between the Trustee and Kotlarsky.  The court awarded Sweeney all but $237 of the requested fees.

During the hearing, Sweeney asked for leave to file a supplemental fee application to compensate him for work performed after submitting the First Fee Application.  The court responded, "[T]o the extent there were fees incurred in defending the application [for attorney's fees], then, you know, I think the law is clear that those fees are properly allowed.  And if you want to cite that authority and supplement it, I'll take a look at the supplemental application." Aug. 19, 2013 Hearing Tr. at 42.

By January 27, 2014, the Trustee had disbursed $64,018.13 and administered the entire estate.  The case was closed on March 10, 2014.  Sweeney had not filed a supplemental fee application.

## II.        Second Fee Application

Sometime after the case was closed, debtors to Silver Spring Family Medical Center, LLC paid $46,601.01 to the estate.  The case was reopened on November 11, 2014 to administer

the newly acquired funds.   On March 25, 2015, the Trustee submitted a Second and Final Application Requesting Order Authorizing Final Compensation to Yumkas, Vidmar & Sweeney, LLC ("Second Fee Application").   The application requested $6,500 in fees and $183.94 in expenses for work performed by Sweeney between February 15, 2013 (the day after Rosen submitted the First Fee Application) and August 19, 2013 (the day of the hearing on the First Fee Application).   Kotlarsky objected on the grounds that a fee application for work completed more than 19 months earlier, that was submitted over a year after the case had closed, should be denied as untimely.

At a June 4, 2015 hearing on the application, Sweeney explained that, after he received through the First Fee Application over $10,000 in attorney's fees paid out of an estate valued at about $64,000, he and the Trustee had decided not to seek additional fees for work performed after submitting the First Fee Application.   The $46,000 infusion and resuscitation of the bankruptcy case, however, prompted them to pursue those fees.   Kotlarsky argued that Sweeney's request for fees was untimely.   Kotlarsky reasoned that, if it was not appropriate for Sweeney to seek supplemental fees before the case closed because the value of the estate was not large enough to merit an additional award, then it was not appropriate to for him to seek those fees now, since Sweeney had played no role in obtaining the $46,000.   Kotlarsky also asserted that the lengthy delay impeded the court's ability to evaluate the merits of the fee request.

The bankruptcy court granted all but $161 of the fees requested.   Judge Catliota found it reasonable that Sweeney had not sought the full $17,000 in fees when the estate was only worth $64,000.   He stated: "[T]rustees and their attorneys often in these cases decide not to pursue fees . . . because one of the factors Courts consider in deciding when to award a fee is how much is the total going to creditors compared to how much would be going to the attorneys."   June 4,

2015 Hearing Tr. at 10.  Now that the estate's total collections topped $100,000, he concluded that "the amount of the fees [Sweeney] incurred is not disproportionate to those collections. . . . I think that's a legitimate basis for the delay."  *Id.*

Judge Catliota went on to assess the reasonableness of the fee request.  He divided the 26.8 hours of billed time into three categories.  Work performed between July 11 and July 17, 2013 involved preparing a notice of deposition, document requests, and subpoenas.  Between July 24 and July 31, Sweeney addressed a protective order, asserted objections to one subpoena, and responded to Kotlarsky's opposition to another subpoena.  Finally, time billed between August 16 and August 19 involved preparing for and attending the August 19 hearing.  Judge Catliota found the hours and rates to be reasonable, with the exception of a charge for delivering materials to the bankruptcy court.  A written order confirming the total award of $6,522.94 was issued on June 8, 2015.

## III.   Procedural History

On June 22, 2015, Kotlarsky filed a Notice of Appeal.  He then filed a Designation of Record, which included the briefs and orders on the two fee applications, but not the transcripts from the August 19, 2013 or June 4, 2015 hearings.  Kotlarsky's Statement of Issues identified one issue for appeal:  whether the bankruptcy court erred in granting the Second Fee Application. On July 21, 2015, the Clerk of the Court docketed transcripts of the August 19, 2013 and June 4, 2015 hearings.  On July 22, 2015, Kotlarsky filed an Amended Designation of the Record that included the transcripts.  On August 6, 2015, Kotlarsky submitted an opening brief.  The brief argued not only that the bankruptcy court erred in approving the Second Fee Application, but also that a Supreme Court case decided after the bankruptcy court issued its order invalidated the portion of that order awarding Sweeney fees for time spent defending the First Fee Application.

On September 11, 2015, the Trustee filed a brief, contending that the Appeal should be dismissed because Kotlarsky failed to properly designate the record, that the bankruptcy court did not err in approving the fee application, and that Kotlarsky waived the argument against attorney's fees for time spent defending the First Fee Application by not raising it before the bankruptcy court.  On September 24, 2015, Kotlarsky filed a reply brief.

## DISCUSSION

### I.    Standard of Review

The Court has jurisdiction over the Appeal because the bankruptcy court's order granting the Second Fee Application is a final order.  28 U.S.C. § 158(a)(1) (2012); *Gold v. Guberman* (*In re Computer Learning Ctrs., Inc.*), 407 F.3d 656, 660 (4th Cir. 2005) (noting that an order awarding compensation under 11 U.S.C. § 330 is a final order when it "conclusively determine[s] the entire section 330 compensation to be paid to the attorneys") (internal quotation marks omitted); *see also Yermakov v. Fitzsimmons* (*In re Yermakov*), 718 F.2d 1465, 1469 (9th Cir. 1983) (holding that a final fee award is appealable).  A district court reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error.  *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992).  Matters committed to the bankruptcy court's discretion are reviewed for abuse of discretion.  *See Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342, 345 (4th Cir. 1992); *Yankah v. Yankah* (*In re Yankah*), 514 B.R. 159, 163-64 (E.D. Va. 2014).  A court "abuses its discretion if its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding."  *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (internal citations omitted); *Yankah*, 514 B.R. at 163.  The district court reverses a bankruptcy court order only when it "has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the

relevant factors." *Westberry*, 178 F.3d at 261 (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 506 (4th Cir. 1977)); *Yankah*, 514 B.R. at 164.

## II.    Designation of Record

The Trustee contends that the Appeal should be dismissed because Kotlarsky did not include transcripts from the August 19, 2013 or June 4, 2015 hearings in the initial Designation of Record and then improperly supplemented the record with those transcripts without seeking leave of the court or consent of the appellee.  Federal Rule of Bankruptcy Procedure 8009(b) requires appellants to order any transcripts considered necessary for the appeal within 14 days of filing a notice of appeal.  Fed. R. Bankr. P. 8009(b)(1).  The designation of the record on appeal, which appellants also must file within 14 days of the notice of appeal, must include any transcript ordered pursuant to Rule 8009(b).  Fed. R. Bankr. P. 8009(a)(4).  Once filed, either party may correct or modify the record with the approval of the other party, the bankruptcy court, or the district court.  Fed. R. Bankr. P. 8009(e).

If an appellant fails to designate the record in a timely fashion, the district court has discretion to dismiss the appeal.  Fed. R. Bankr. P. 8003(a)(2).  The Court is not obligated, however, to impose such a harsh sanction for a procedural misstep.  *Resolution Tr. Corp. v. SPR Corp.* (*In re SPR Corp.*), 45 F.3d 70, 74 (4th Cir. 1995).  When deciding whether to dismiss an appeal for an untimely, non-jurisdictional filing, the court considers whether (1) the appellant acted in bad faith or negligently; (2) the appellant had an opportunity to explain the delay; (3) the delay prejudiced the appellee; and (4) sanctions short of dismissal would be appropriate.  *Id.* at 72, 74.

Kotlarsky did not comply with Rule 8009.  He failed to include the transcripts in the initial record designation, and he amended the record without first obtaining the consent of the

Trustee or leave of the bankruptcy court or this Court.  Kotlarsky's prompt correction of the omission, however, suggests a lack of bad faith.  Moreover, the Trustee has not claimed that any prejudice resulted from Kotlarsky's error.  The Trustee and Sweeney were present at both hearings, and the transcripts, which total only 57 pages, were submitted over one month before the Trustee filed his brief.  Therefore, the Court will not dismiss the Appeal for non-compliance with Rule 8009.  *See Bulmer v. Bulmer*, No. 13-1578, 2013 WL 5604311, at *2 (D. Md. Oct. 10, 2013) (refusing to dismiss a bankruptcy appeal in which the appellant's record designation was both late and missing transcripts essential for the appeal).

### III.    Timeliness of the Second Fee Application

Kotlarsky argues that the bankruptcy court should have denied the Trustee's Second Fee Application as an untimely request for payment of administrative expenses.  Fees awarded to a trustee's attorney under 11 U.S.C. § 330 are administrative expenses.  11 U.S.C §§ 503(b)(2). "An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause."  *Id.* § 503(a).  There is no statutory deadline for filing administrative expenses.  *See id.*; *see also* S. Rep. No. 95-989, at 66 (1978) (stating that the "Rules of Bankruptcy Procedure will specify the time, the form, and the method" of a filing for payment of administrative expenses), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5852; H.R. Rep. No. 96-595, at 355 (1977) (same), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6311.  Nor do the Bankruptcy Rules establish such a deadline.  *See* Fed. R. Bankr. P. 2016(a) (prescribing the content of fee applications but not addressing their timeliness); *see also Hall Fin. Grp., Inc. v. DP Partners Ltd. P'ship, Inc.* (*In re DP Partners Ltd. P'ship*), 106 F.3d 667, 672 (5th Cir. 1997). The Local Rules for the United States Bankruptcy Court for the District of Maryland are also silent on the matter.  *See* D. Md. Bankr. Local R. 2016-1, 2070-1, App. D.

Similarly, neither the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, nor the Local Rules offer any guidance on what constitutes "cause" for permitting tardy requests for administrative expenses under 11 U.S.C. § 503(a). Bankruptcy judges are thus vested with broad discretion to determine both whether a request for administrative expenses is timely and whether cause exists to consider an untimely request. *See Good v. Blankenship* (*In re Heartland Steel, Inc.*), No. 03-0802, 2003 WL 23100035, at *3 (S.D. Ind. Dec. 16, 2003) (stating that "[t]he statutory term 'cause' gives the bankruptcy court the widest possible discretion" to accept belated requests for administrative expenses).

Although there was no deadline for the parties in this case to submit requests for payment of administrative expenses, the bankruptcy court treated the Second Fee Application as untimely, as evidenced by the "for cause" finding the court made before considering the request. The court then determined that the decision by the Trustee and Sweeney to withhold the Second Fee Application until a time when payment of those fees would not drain a disproportionate amount of the estate was a "legitimate basis for the delay." June 4, 2015 Hearing Tr. at 10.

Kotlarsky cites no authority demonstrating that the bankruptcy court relied upon an impermissible reason in excusing the untimely filing. Kotlarsky invokes *In re Southern Soya Corp.*, 251 B.R. 302 (Bankr. D.S.C. 2000), a Chapter 11 case in which the bankruptcy court granted a request for payment of administrative expenses submitted after the bar date. *Id.* at 311. In finding that a late-filed request for administrative expenses was justifiable, the court reasoned that, because a finding that the expense benefited the estate is necessary in order to grant the request, a party may delay submitting the request until the benefit becomes apparent. *Id.* Although uncertainty over the benefit of the attorney's fees was not the reason that the Trustee delayed the filing of the Second Fee Application, *In re Southern Soya Corp.* does not preclude

other reasons for permitting a tardy submission and therefore does not provide a basis to overturn the bankruptcy court's ruling.

That is not to say that Kotlarsky's argument is entirely unpersuasive.  Rosen filed the Second Fee Application over 19 months after Sweeney completed the work and received leave from the bankruptcy court to file a supplemental fee application.  As Kotlarsky observed at the June 4, 2015 hearing, the more time that elapses between an attorney's work and the fee request, the harder it becomes for a court to assess the reasonableness of the request.  *See In re Newman*, 270 B.R. 845, 848 (S.D. Ohio 2001) (instructing litigants to seek attorney's fees within 45 days of completing the services for which they seek compensation and generally declining to consider "extremely stale" time for work completed more than six months ago).  *Cf.* Fed. R. Civ. P. 54 advisory committee note to 1993 amendment (stating that Rule 54(d)(2)(B)'s 14-day deadline to request attorney's fees after entry of judgment "affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind").

Moreover, where the first application for fees was entitled the "First and Final Application," and the Second Fee Application was submitted after the closing of the case, permitting such a late application raises legitimate concerns about the finality of fee awards.

Finally, although Sweeney's initial willingness to forego fees rather than stake a claim to an unduly large portion of the estate is commendable, in retrospect there likely were other ways to decline to pursue those fees and still preserve the ability to seek the fees upon changed circumstances.  For example, the claim of delay could have been avoided had Sweeney submitted the fee application promptly after completing the work but informed the court of his willingness to have the award reduced or denied without prejudice given the size of the estate. Then, when the estate size increased, a renewed request would have been more defensible.

Nevertheless, it is abundantly clear that the bankruptcy court, with its superior knowledge of the circumstances of this case, and in exercising its discretion, did not apply an erroneous legal principle, made no erroneous factual findings, and did not commit a clear error of judgment in granting the application.  Because the bankruptcy court did not abuse its discretion, the Court affirms its decision to grant the Second Fee Application.  *See Westberry*, 178 F.3d at 261.

## IV.   Fees for Defending the Second Fee Application

On June 15, 2015, one week after the bankruptcy court issued the order awarding fees to Sweeney and one week before Sweeney noticed the pending Appeal, the Supreme Court decided *Baker Botts L.L.P. v. Asarco LLC*, 135 S. Ct. 2158 (2015).  *Baker Botts* held that 11 U.S.C. § 330 precludes fee awards to trustees' attorneys for defending fee applications.  *Id.* at 2169.  In granting the Second Fee Application, the bankruptcy court granted an attorney's fee award to Sweeney that included certain fees for time spent defending the First Fee Application.  Kotlarsky thus argues that, even if the bankruptcy court did not err in considering the Second Fee Application, the award should be reduced pursuant to *Baker Botts*.  In response, the Trustee argues that Kotlarsky waived this argument by failing to object in the bankruptcy court to the award of attorney's fees for fee-defense litigation.

Kotlarsky's failure to challenge these fees in the bankruptcy court does not bar consideration of such a challenge now.  "Generally, issues that were not raised in the [lower] court will not be addressed on appeal."  *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999).  However, there is an exception for "when there has been an intervening change in the law recognizing an issue that was not previously available."  *Id.*  For this exception to apply, there must have been "strong precedent prior to the change such that the failure to raise

the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." *Id.* at 605-06 (citations and internal quotation marks omitted).

At the time the bankruptcy court approved the fee application, precedent in the United States Bankruptcy Court for the District of Maryland definitively allowed a trustee's attorney to seek attorney's fees relating to defending a fee application. *In re On Tour, LLC*, 276 B.R. 407, 418 (Bankr. D. Md. 2002) (holding that 1994 amendments to 11 U.S.C. § 330 confirmed the position already adopted by the U.S. Bankruptcy Court for the District of Maryland "that bankruptcy counsel should be compensated for preparing and defending fee applications"). Judge Catliota referred to this firmly established rule at the August 19, 2013 hearing when he stated, "I think the law is clear that those fees are properly allowed." Aug. 19, 2013 Hearing Tr. at 42. Thus, it was not unreasonable that Kotlarsky did not oppose the application for attorney's fees relating to fee-defense litigation until after *Baker Botts* was decided. Moreover, the Trustee does not identify any prejudice resulting from Kotlarsky's failure to raise this issue before the bankruptcy court. Kotlarsky asserted this argument in the opening brief, which gave the Trustee the opportunity to respond. Finally, the Trustee does not point to any evidence relevant to this matter not included in the record on appeal. Given the clear precedent and lack of prejudice, the Court finds that Kotlarsky did not waive this argument by not raising it before the bankruptcy court.

An appellate court applies "the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Lytle v. Comm'rs of Election of Union Cty.*, 541 F.2d 421, 424 (4th Cir. 1976) (quoting *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 711 (1974)). It is therefore appropriate, and does not cause manifest injustice, to apply the Supreme Court's recent interpretation of 11

U.S.C. § 330(a) to bar an award of a trustee's attorney's fees for defending the fee application. *See Gates v. Deukmejian*, 987 F.2d 1392, 1407-08 (9th Cir. 1992) (rejecting plaintiffs' contention that defendants had waived their challenge to the district court's award of expert fees and remanding to the district court for modification of the fee award in light of an intervening Supreme Court decision interpreting the fee-shifting statute to preclude expert fee awards).

The bankruptcy court awarded Sweeney fees for time spent defending the First Fee Application.  The law currently in effect renders those fees unlawful.  Because the record does not clearly establish the amount of the attorney's fee award attributable to defense of the First Fee Application, the Court remands this case to the bankruptcy court for revision of the second fee award in a manner consistent with *Baker Botts*.  *See id.*

## CONCLUSION

For the reasons stated above, the order of the bankruptcy court is AFFIRMED IN PART and REVERSED IN PART.  It is AFFIRMED as to the bankruptcy court's decision to consider the merits of a late-filed request for administrative expenses.  It is REVERSED as to the award of fees for time spent defending the First Fee Application.  The case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.  A separate Order shall issue.


Date: March 3, 2016                              _____/s/_____
                                                 THEODORE D. CHUANG
                                                 United States District Judge

12